**United States District Court**
For the Northern District of California

1
2
3
4
5                     UNITED STATES DISTRICT COURT
6                   NORTHERN DISTRICT OF CALIFORNIA
7

8   STEEFEL, LEVITT & WEISS,                    No. C-03-0440 JCS

9               Plaintiff(s),

10        v.                                    **PRETRIAL CONFERENCE ORDER NO. ONE**

11

12  ASTOR HOLDINGS, INC., ET AL.,

13               Defendant(s).
    _____/

14        On Friday, July 15, 2005, a Pretrial Conference was held in this matter.  David W. Evans and

15  Scott Bloom appeared on behalf of Steefel, Levitt & Weiss ("Steefel").  Edward Vincent King, Jr.,

16  appeared on behalf of Astor Holdings, Inc., Robot Wars LLC, Smile/Astor Place Communications

17  (collectively "Astor") and Stephen Plotnicki ("Plotnicki").  Edward D. Haas appeared on behalf of William

18  R. Pascoe and Pascoe & Rafton (collectively "Pascoe").  Having heard the arguments of counsel, the Court

19  makes the following Pretrial Conference Order.  The substance of this Order was given orally at the Pretrial

20  Conference.

21  A.    LENGTH AND CONDUCT OF TRIAL

22        1.    Each side shall be limited to twelve (12) hours for the presentation of the direct examination

23              of its witnesses and the cross-examination of opposing parties' witnesses, including all

24              objections and other time spent in front of the jury.  With respect to this and other matters

25              and the Court concludes there are two sides in this case: accordingly, twelve (12) hours will

26              be allocated to the Astor parties and Plotnicki, and twelve (12) hours will be allocated to

27              Steefel and Pascoe.

28        2.    The jury trial will begin on **August 1, 2005, at 8:30 a.m.**, in Courtroom A, 15th Floor,

**United States District Court**
For the Northern District of California

1    United States District Court, 450 Golden Gate Avenue, San Francisco, California.

2    Counsel are instructed to be present at 8:15 a.m. on all trial days.  The length of the trial will

3    be not more than eight (8) trial days.  All parties are to be on time and prepared to proceed

4    with their witnesses.  If any party is not prepared to present its next witness at the

5    conclusion of the preceding witness, that party will be deemed to have rested that portion

6    of its case, e.g., case-in-chief, rebuttal.  Any party may present its direct examination of a

7    witness when that witness first appears.

8    3.    All witnesses, except for expert witnesses, named parties, designated party representatives,

9    and Mr. Schochet, are excluded from the courtroom during the testimony of all other

10   witnesses.

11   4.    The Court will conduct voir dire as set forth in the script previously distributed to the parties

12   and filed in the court record.  The parties are directed to meet and confer and present to

13   the Court at the next Pretrial Conference an agreed-upon statement describing generally the

14   claims at issue in this case.  That statement will be included in the Court's voir dire.  Each

15   side, Steefel/Pascoe and Astor/Plotnicki, shall have four (4) peremptory challenges.

16   5.    Opening statements will be limited to one-half hour for Steefel, one-half hour for Pascoe,

17   and one-half hour collectively for Astor and Plotnicki.

18   6.    The order of the presentation of the evidence will proceed as follows:

19   First, Steefel will present its case-in-chief.  Second, Pascoe will present its case-in-chief.

20   Third, Astor and Ploticki will present their case(s)-in-chief.  Opposition and rebuttals will

21   proceed in the same order.

22   7.    Notices of witnesses and documents: At the beginning of the business day preceding the

23   day on which a party calls a witness on direct examination, that party must disclose to all

24   other parties the name of the witness and the exhibit numbers of the documents to be used

25   in connection with the direct examination.  Accordingly, at the beginning of each trial day,

26   each party will provide to all other parties a list of the witnesses and documents to be used

27   on direct examination the following day.  No witnesses or documents may be used other

28   than for rebuttal or impeachment that has not been previously disclosed to all other parties

United States District Court

For the Northern District of California

1            in the Pretrial Conference Statement. No witnesses or documents may be used on direct

2            examination that have not been disclosed in the daily witness lists.

3    B.      <u>JURY INSTRUCTIONS</u>

4        1.     The Court will give preliminary instructions from the Ninth Circuit's Model Jury Instructions

5             – Civil as follows: 1.1-1.13, 2.1, and 2.2.  These instructions will be given after the jury is

6             sworn and before opening statements.

7        2.     The parties are ORDERED to meet and confer regarding the remaining jury instructions in

8             this case.  The parties are ORDERED to provide to the Court, after such meet-and-confer

9             and no later than noon on July 22, 2005, a joint package of jury instructions.  Those jury

10            instructions shall be in the order proposed by the parties to be given to the jury.  The

11            package shall include, in their appropriate places, all disputed jury instructions with a

12            notation that those jury instructions have been previously disputed.  In addition, where such

13            dispute has been resolved by the Court's ruling on the motions in limine, in whole or in part,

14            that shall be noted with respect to such jury instructions.

15    C.      <u>CLAIMS</u>

16      The following claims remain to be tried in this matter.

17        1.     Breach of Contract: *Steefel v. Astor*

18            (a)     Steefel seeks recovery of attorneys' fees allegedly due and owing from Astor.

19            (b)     The only defense Astor asserts to its payment of these fees is that Steefel

20                 committed professional negligence in its representation of Astor.  This professional

21                 negligence defense is limited to the professional negligence charged in the

22                 counterclaims for breach of contract and malpractice described in Paragraph 3

23                 below.

24        2.     Breach of Contract: *Pascoe v. Astor and Plotnicki*

25            (a)     Pascoe seeks recovery of attorneys' fees allegedly due from Astor and Plotnicki.

26            (b)     At the Pretrial Conference, Astor waived its claim for fees for the time spent at the

27                 hearing on the confirmation of the bankruptcy plan of Thorpe.

28

United States District Court

For the Northern District of California

(c)     The only defense asserted to this breach of contract claim is that Pascoe committed professional negligence in its representation of Astor and Plotnicki.  This professional negligence defense is limited to the professional negligence charged in the counterclaims for breach of contract and malpractice described in Paragraph 4 below.

3.     Counterclaims for breach of contract and malpractice by Astor Holdings, Inc. and Robot Wars, LLC against Steefel.

(a)     With respect to the contract claim, only the following elements are disputed: (1) did Steefel breach the contract by committing professional negligence; and (2) what damages proximately resulted from that breach?

(b)     With respect to the malpractice tort claim, only the following elements are in dispute: (1) did Steefel commit professional negligence; and (2) what damages proximately resulted from that conduct?

(c)     Breach of Duty: Only the following breach of duty remains at issue in this case, both as an allegation of breach of contract and as an alleged tort: did Steefel fail to advise adequately on the consequences, in terms of the potential for a contempt proceeding seeking punitive damages against the Astor parties and Plotnicki, of the filing and maintaining of the New York Action?

4.     Counterclaims for breach of contract and malpractice by Astor Holdings, Inc. and Robot Wars, LLC against Pascoe.

(a)     With respect to the contract claim, only the following elements are disputed: (1) did Pascoe breach the contract by committing professional negligence; and (2) what damages proximately resulted from that breach?

(b)     With respect to the malpractice tort claim, only the following elements are in dispute: (1) did Pascoe commit professional negligence; and (2) what damages proximately resulted from that conduct?

**United States District Court**
For the Northern District of California

(c)     Breach of Duty: Only the following breach of duty remains at issue in this case, both as an allegation of breach of contract and as an alleged tort: did Pascoe fail to advise adequately on the consequences, in terms of the potential for a contempt proceeding seeking punitive damages against the Astor parties and Plotnicki, of the filing and maintaining of the New York Action?

C.     <u>MOTIONS IN LIMINE</u>

For the reasons stated on the record at the Pretrial Conference, the Court rules as follows:

1.     Steefel's Motion in Limine #1 is GRANTED.  No evidence will be permitted on the following subjects:

(a)     The allegations that Steefel's representation of Astor fell below the standard of care or caused any damages except, other than with respect to the advice on the consequences and filing of the New York Action described above.

(b)     The allegations that Pascoe's representation fell below the standard of care or caused any damage other than with respect to: (1) the failure to adequately advise on the consequences of filing and maintaining the New York Action; and (2) the failure to follow the clients' instructions at the confirmation hearing.

(c)     The allegations that Astor could have reached a better settlement in its disputes with Thorpe.  If any evidence of the settlement reached between Thorpe and Astor offered in evidence, it may only disclose that the disputes were settled.  The settlement may not be in any way described or characterized.

(d)     The Roski III Action, without leave of Court.

2.     Steefel's Motion in Limine #2 is GRANTED.  No evidence regarding liability insurance shall be introduced.

3.     Steefel's Motion in Limine #3 is GRANTED.  No evidence of any settlement discussions, correspondence, or offers of compromise shall be introduced.

4.     Steefel's Motion in Limine #4 is GRANTED IN PART.  No evidence regarding the fees incurred by Duane Morris in defending itself in the contempt adversary proceeding may be

**United States District Court**

For the Northern District of California

1    offered into evidence, unless and until Astor offers evidence sufficient to sustain a jury

2    finding that Astor would be responsible for Duane Morris's fees in defending itself in the

3    contempt adversary proceeding.

4         5.    Steefel's Motion in Limine #5 is GRANTED.  Evidence excluded with respect to Steelel's

5              Motion in Limine #1 may not be introduced in connection with the breach of contract claim.

6         6.    Steefel's Motion in Limine #6 is GRANTED.  Any expert opinion of Ms. McQuaid not

7              contained in her June 23rd report and June 30th deposition is excluded.

8         7.    Astor's Motion in Limine #1 is DENIED.

9    D.    <u>VERDICT FORM</u>

10       The parties are to meet and confer and submit a jointly prepared verdict form to the Court.

11   E.    <u>WITNESSES</u>

12       All parties are to meet and confer in an effort to reduce the number of witnesses that will be called

13   at trial.  The parties are to present the Court with a final list of all witnesses that will be called.  This witness

14   list shall be prepared jointly, and shall be presented at the next Pretrial Conference.  The Court will read

15   this list to the prospective jurors during voir dire.  Witnesses not disclosed by a party in the Pretrial

16   Conference Statement may not be called by that party other than for impeachment or rebuttal.

17   F.    <u>EXCERPTS OF DISCOVERY</u>

18        1.    All excerpts of discovery that were filed with the Court on or before July 1, 2005, are

19             considered timely.  No later-filed excerpts will be accepted or should be filed without prior

20             Court permission, which will be granted only upon a showing of good cause.

21        2.    In light of the Motions in Limine, the parties are directed to resubmit their excerpts of

22             record as follows:

23             (a)    The parties are to meet and confer and decide which excerpts of record are still in

24                  dispute.

25             (b)    The parties will provide a joint package to the Court containing all excerpts of

26                  record that any party believes it is still entitled to present to the jury after the rulings

27                  on the motions in limine.  This package will be marked as follows: (1) the submitting

28                  party shall underscore the excerpts to be used; (2) the objecting party shall highlight

**United States District Court**
For the Northern District of California

1    in yellow the portion of the excerpts objected to and note in the margins the legal

2    basis for the objection; (3) this revised package shall be provided to the Court no

3    later than noon on July 22, 2005.

4    G.    <u>EXHIBITS</u>

5        1.    The parties have stipulated that all exhibits listed on the joint exhibit list may be admitted at

6            trial, and they are hereby admitted.

7        2.    The parties have stipulated that any and all documents produced in discovery by the parties

8            in this litigation, and all documents produced by non-party Duane Morris LLP, are

9            authentic.

10        3.    Copies may be used as originals.

11        4.    All parties shall exchange demonstrative exhibits not less than one (1) business day in

12            advance of their use.

13        5.    The parties submitted exhibit lists in connection with the Pretrial Conference Statement.  All

14            exhibit lists filed on or before July 1, 2005, are considered timely.  No party may introduce

15            into evidence any exhibit not contained in an exhibit list filed on or before July 1, 2005,

16            except for rebuttal or impeachment.  The parties are directed to file a consolidated list of

17            the exhibits previously timely disclosed (i.e., joint exhibits and separate exhibits of each

18            party) and shall include in the updated list the rulings that the Court has made with respect

19            to the exhibits thus far, including those rulings from the Motions in Limine where applicable.

20            The new list shall also include any previously made objections filed by Steefel or Pascoe to

21            the separate exhibit list of Astor and Plotnicki where those objections are still being

22            asserted.

23        6.    Astor and Plotnicki have made no objections to any of the exhibits offered by Steefel or

24            Pascoe, and accordingly any such objections are waived.

25        7.    The requests for judicial notice of Steefel and Pascoe were not objected to and are

26            GRANTED.

27

28

7

H.        THE PARTIES' STIPULATIONS OF FACT

        The parties shall meet and confer regarding the manner of presentation of the agreed-upon facts to the jury and shall present that to the Court at the next Pretrial Conference.

I.        PRETRIAL CONFERENCE

        A Further Pretrial Conference shall be held on **July 27, 2005, at 1:30 p.m.**

        IT IS SO ORDERED.


Dated: July 22, 2005

                                        /s/ Joseph C. Spero
                                        JOSEPH C. SPERO
                                        United States Magistrate Judge

**United States District Court**
For the Northern District of California

8