UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEEFEL, LEVITT & WEISS,                         No. C-03-0440 JCS

        Plaintiff(s),
                                                 **PRETRIAL CONFERENCE ORDER NO. TWO**
   v.

ASTOR HOLDINGS, INC., ET AL.,

        Defendant(s).
_____/

      On Wednesday, July 27, 2005, a Final Pretrial Conference was held in this matter. David W. Evans and Scott Bloom appeared on behalf of Steefel, Levitt & Weiss ("Steefel"). Edward Vincent King, Jr., appeared on behalf of Astor Holdings, Inc., Robot Wars LLC, Smile/Astor Place Communications (collectively "Astor") and Stephen Plotnicki ("Plotnicki"). Edward D. Haas and Russell S. Roeca appeared on behalf of William R. Pascoe and Pascoe & Rafton (collectively "Pascoe"). Having heard the arguments of counsel, and for the reasons stated on the record, the Court orders as follows:

      1.     The Astor parties agreed on the record that the only damages sought under their affirmative claims, apart from those damages already excluded by the Court, are limited to the attorneys' fees and costs that remain unpaid and with respect to which Pascoe and Steefel have filed their affirmative claims. With respect to the affirmative contract claims of Steefel and Pascoe, the Astor parties assert the defense that both Steefel and Pascoe failed to perform and/or breached the contracts involved by failing to perform their requisite duties as counsel to the professional standard of care. Astor further agreed that, if they succeed in this defense, they are entitled to relief only from those fees that were proximately caused by the failure to perform to the requisite standard of care.

      2.     Pascoe has waived its claim for fees as set forth in the previous Pretrial Conference Order. Pascoe further clarified this fee waiver by indicating and agreeing on the record that it is waiving all fees and

costs with respect to: (a) any and all preparation for the plan confirmation hearing in the Thorpe bankruptcy; (b) the plan confirmation hearing itself; and (c) preparation for and litigation of the motion to reconsider the confirmation of the plan.

3. The Court invited Astor to proffer any evidence that the alleged failure to follow the client's instructions at the plan confirmation hearing proximately caused any damages other than those previously excluded by the Court on summary judgment or a motion in limine, and/or those waived by Pascoe. Astor's counsel could not do so. Accordingly, in the absence of such a proffer, any and all evidence to show any alleged breach of the duty of care by Pascoe at the confirmation hearing will not be permitted into evidence.

4. By agreement of the parties, the following evidence regarding the Roskii III Action will be permitted: (a) existence of the lawsuit; (b) the parties to the lawsuit; (c) the identities of counsel of record for the parties in the action; and (d) the date of filing of the action and that it was pending during the relevant time period in this case – 2001.

5. With respect to Exhibit Nos. 507, 508, and 513, the Court will not permit the introduction of the entirety of these transcripts without some indication of the portions that are relevant to the case. Accordingly, Astor is instructed to identify those specific portions of these transcripts that it seeks to admit into evidence by 4:00 p.m., on Friday, July 29, 2005. Steefel and Pascoe may file any objections to these portions on or before Monday, August 1, 2005.

6. With respect to Astor's affirmative claims of breach of contract and tort of malpractice, and with respect to Astor's defenses to Steefel's and Pascoe's affirmative contract claims for non-payment of fees, the only breach of duty that is at issue in this matter is whether or not Pascoe and Steefel failed to properly advise Astor with respect to the potential consequences of filing and maintaining the New York Action against Thorpe, with respect to the potential for contempt proceedings and punitive damages.

7. The following typographical error in Pretrial Conference Order No. One is hereby corrected: (a) Paragraph C.2.(b), the word "Pascoe" is substituted for the word "Astor."

8. No evidence may be admitted before the jury concerning the Court's decision on, or the existence of, the account-stated claims in this case.

9. Because the only affirmative relief sought by the Astor parties is relief from the fees and

costs sought by the Steefel and Pascoe parties, the amount of the judgment in this case will be the amount of fees and costs recovered by the Steefel and/or Pascoe parties less any amounts awarded to the Astor parties on their affirmative claims.

10.     The parties have agreed to the content of a stipulation of uncontested facts. The parties are instructed to finalize the stipulation, sign, and file it. The Court will read the stipulation to the jury, along with the final jury instructions in the case.

IT IS SO ORDERED.

Dated: July 29, 2005

/s/ Joseph C. Spero
JOSEPH C. SPERO
United States Magistrate Judge