IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEEFEL, LEVITT & WEISS,<br><br>           Plaintiff,<br><br>      v.<br><br>ASTOR HOLDINGS, INC., ET AL.,<br><br>           Defendant.<br>_____/ | No. C-03-0440 JCS<br><br>**ORDER DENYING MOTION OF SMILE/ASTOR PLACE COMMUNICATIONS, ASTOR HOLDINGS, INC., AND ROBOT WARS, LLC, FOR NEW TRIAL AND TO ALTER JUDGMENT PURSUANT TO F.R.C.P. RULE 59 AND MOTION OF STEVEN PLOTNICKI TO ALTER JUDGMENT AND FOR NEW TRIAL PURSUANT TO F.R.C.P. RULE 59**<br>**[Docket Nos. 271, 272]** |

## I.     INTRODUCTION

On Friday, December 2, 2005, the following motions came on for hearing: 1) Motion of Smile/Astor Place Communications, Astor Holdings, Inc., and Robot Wars, LLC, for New Trial and to Alter Judgment Pursuant to F.R.C.P. Rule 59 (the "Astor Motion"); and 2) Motion of Steven Plotnicki to Alter Judgment and for New Trial Pursuant to F.R.C.P. Rule 59 (the "Plotnicki Motion"). For the reasons stated below, both Motions are DENIED.

## II.     BACKGROUND

Plaintiffs Steefel, Levitt & Weiss ("Steefel") and William R. Pascoe and Pascoe & Rafton (collectively, "Pascoe") sued Defendants Smile/Astor Place Communications, Astor Holdings, Inc., and Robot Wars, LLC (the "Astor parties" or "Astor"), as well as Steven Plotnicki individually, for unpaid attorneys' fees. Defendants, in turn, asserted counterclaims of professional negligence against Steefel and Pascoe. In an order filed on May 31, 2005 (the "May 31 Order" or "May 31 Summary Judgment Order"), the Court granted summary judgment in favor of Plaintiffs on their state law claims for an account stated and limited the scope of Defendants' professional negligence claims. The case then proceeded to trial.

1    Following trial, the jury was given a verdict form – approved by all counsel – that broke the
2  Plaintiffs' breach of contract claims into several separate claims against the various defendants.  In
3  particular, for Steefel, the verdict form asked the jury whether Astor Holdings had breached its contract
4  with Steefel and then whether Robot Wars had breached its contract with Steefel.  If the jury found liability
5  as to either defendant, it was asked to provide a damages figure.  As to Pascoe, the verdict form asked
6  whether Astor Holdings had breached its contract with Pascoe, whether Robot Wars had breached its
7  contract with Pascoe and whether Plotnicki individually had breached his contract with Pascoe.  Again, the
8  jury was asked to provide a damages figure for each defendant for which the jury found a breach of
9  contract.

10    The jury found that as to Steefel, both Astor Holdings and Robot Wars had breached their
11 contracts with Steefel and awarded $493,053.54 against each.  As to Pascoe, the jury found that Astor
12 Holdings and Plotnicki individually – but not Robot Wars – breached their contracts with Pascoe.  The
13 jury awarded Pascoe $103,121.36 on its claim against Astor Holdings and $103,121.36 against Plotnicki
14 individually.  Judgment was entered on August 19, 2005.

15    Plotnicki and the Astor Parties now bring motions asking the Court to alter or amend the judgment
16 against them and for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.  The
17 challenges raised in the motions fall into two categories: 1) arguments that the Court erred on several
18 grounds in its May 31 Summary Judgment Order; and 2) arguments rejecting the verdicts as excessive and
19 unsupported by the evidence.  As to the verdicts, the Astor Parties assert that the awards in favor of both
20 Steefel and Pascoe were not supported by the evidence because neither plaintiff proffered evidence as to
21 *which* particular defendant owed the fees sought.  In addition, Defendants argue that by awarding the full
22 amount sought by Steefel against both Astor Holdings and Robot Wars, and by awarding the full amount
23 sought by Pascoe against both Plotnicki and Astor, the jury awarded double the maximum amount that
24 could even arguably be supported by the evidence.

25    In their Oppositions, Steefel and Pascoe assert that the challenges to the May 31 Summary
26 Judgment Order should be rejected as untimely as well as unfounded.  They further assert that the verdicts
27 are not excessive and are supported by the evidence.  First, Steefel stipulates that it may not recover more
28 than $493,053.54 from Astor Holdings and Robot Wars, collectively, even though the verdict might be

2

interpreted as allowing a double recovery. Similarly, Pascoe stipulates that it can recover no more than a total of $103,121.36 on its claims against Astor Holdings and Plotnicki. Second, Plaintiffs point out that it was at Defendants' request that the breach of contract claims were broken out as to separate defendants. They assert that to the extent the potential ambiguity in the verdict is a result of that choice, Defendants have waived any objection. Finally, the parties assert that sufficient evidence was presented at trial from which a jury could reasonably conclude that the attorneys' fees sought by Plaintiffs were owed by all of the defendants for which breach of contract was found.

**III.   ANALYSIS**

    **A.   Astor and Plotnicki's Challenges to the May 31 Summary Judgment Order**

Defendants argue that the Court's May 31 Order was wrongly decided on numerous grounds as a result of the fact that the Court applied the wrong summary judgment standard. They are, in essence, seeking reconsideration of an interlocutory order, which is governed by Civil Local Rule 7-9. That rule requires that a party seeking reconsideration of an interlocutory order must, prior to entry of judgment, seek leave to file a motion for reconsideration. Civ. L.R. 7-9(a). Leave to file a motion for reconsideration is only granted where one of three requirements is satisfied: 1) a "material difference of fact or law exists from that which was presented to the Court before entry of the interlocutory order" of which the party seeking reconsideration was not aware and could not have discovered with "reasonable diligence;" 2) a new material fact or change of law occurs; or 3) there is a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *Id.* Further, Rule 7-9(c) prohibits parties from repeating "any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered."

The Court rejects Defendants' request to reconsider its May 31 Order for two reasons. First, Defendants failed to comply with the procedural requirements of Rule 7-9, namely, the requirement that a party must seek leave to file a motion for reconsideration and the requirement that such a motion must be filed *before* entry of judgment. Second, Defendants raised the same argument at the July 15, 2005 pretrial conference and the Court unequivocally rejected the argument when it ruled on Motion in Limine No. 1. The Court declines to revisit the issue at this late date.

**B.     The Verdicts**

Defendants assert that a new trial should be ordered on the basis not only of the errors the Court is alleged to have committed on summary judgment but also because the verdict is against the clear weight of the evidence.    Rule 59 of the Federal Rules of Civil Procedure provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."   Courts have held that under Rule 59 a new trial may be ordered "even though the verdict is supported by substantial evidence, if 'the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.'" *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999) (quoting *Oltz v. St. Peter's Comty. Hosp.*, 861 F.2d 1440, 1452 (9th Cir.1988)).

Defendants assert that the verdicts are contrary to the clear weight of the evidence because Plaintiffs did not present evidence that linked the attorneys' fees sought to the particular defendants against whom the jury awarded damages.  They further argue that in awarding the full amount sought by each plaintiff against more than one defendant, the verdicts allow a double recovery and are not supported by the evidence.  The Court rejects both arguments.

First, the Court finds that the fees awarded against the specific defendants were not contrary to the clear weight of the evidence.  On the contrary, Steefel presented evidence that Plotnicki retained it to represent both Astor Holdings and Robot Wars, with one bill for representation of both entities to be sent to Smile/Astor Place Communications, and that Plotnicki was the decision-maker for all three entities. Similarly, Pascoe presented evidence that it initially was retained to represent Astor but that later the scope of the representation was extended to include Plotnicki individually, with Plotnicki's consent.  Conversely, no evidence was presented that Defendants ever asked that Steefel's or Pascoe's fees be delineated according to the particular entities.  The jury could reasonably have concluded that the attorneys' fees sought by Steefel and Pascoe were owed by the particular defendants against which liability was found.

Second, while the verdicts arguably could be construed as allowing Steefel and Pascoe to obtain a double recovery, that ambiguity is the result of Defendants' own request that the claims be broken out as to particular defendants.  Indeed, Defendants only approved the Verdict Form after this change was

4

made. In any event, to the extent the verdict might be read to allow a double recovery, Plaintiffs have stipulated that they cannot recover from Defendants collectively more than the total amount of fees each sought at trial – that is, $493,053.54 by Steefel and $103,121.36 by Pascoe. To clarify any ambiguity, the judgment is being amended. Under these circumstances, Defendants are not entitled to relief under Rule 59.

**IV.   CONCLUSION**

For the reasons stated above, the Motions are DENIED.

IT IS SO ORDERED.

Dated:   January 4, 2006

_____
JOSEPH C. SPERO
United States Magistrate Judge