IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEEFEL, LEVITT & WEISS,<br><br>    Plaintiff,<br><br>v.<br><br>ASTOR HOLDINGS, INC., ET AL.,<br><br>    Defendant.<br>_____/ | No. C-03-0440 JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS BY CROSS-DEFENDANTS AND COUNTERCOMPLAINANTS WILLIAM R. PASCOE AND PASCOE & RAFTON [Docket No. 265]** |

## I. INTRODUCTION

On Friday, December 2, 2005, the Motion for Attorneys' Fees and Costs by Cross-defendants and Countercomplainants William R. Pascoe and Pascoe & Rafton ("the Motion") came on for hearing. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

William Pascoe and Pascoe & Rafton (hereinafter, "Pascoe") sued Defendants Smile/Astor Place Communications, Astor Holdings, Inc., and Robot Wars, LLC ("the Astor parties" or "Astor"), as well as Steven Plotnicki individually, for unpaid attorneys' fees. The Astor parties, in turn, asserted a counterclaim for professional malpractice against Pascoe. On summary judgment, Pascoe prevailed against all Defendants on its account stated claim. At trial, Pascoe prevailed on its breach of contract claim as to

Astor Holdings, Inc. and Plotnicki (but not Robot Wars or Smile/Astor Place Communications)[1] and on the professional negligence counterclaim.

Pascoe now seeks attorneys' fees and costs, invoking Fed. R. Civ. P. 54(d), California Civil Code § 1717 and the provision in the contract between Pascoe and Astor Holdings allowing a prevailing party in an action to enforce the contract to recover "costs of collection, including reasonable attorney's fees." Pascoe seeks the following fees and costs: 1) $190,073.50 in attorneys' fees through August 19, 2005; 2) $14,845.50 in attorneys' fees between August 19, 2005, and October 7, 2005; 3) statutory costs in the amount of $24,943.26; and 4) non-statutory costs, including expert fees, in the amount of $80,702.21.

The Astor parties and Plotnicki each filed opposition briefs. In Astor's opposition, they make the following arguments. First, they argue that the jury only found a contractual relationship between Pascoe and Astor Holdings, Inc. and between Pascoe and Plotnicki and, therefore, Pascoe cannot seek contractual fees and costs against the remaining Defendants. Second, they argue that Pascoe is not entitled to recover its non-statutory costs because the contract simply refers to "costs" and Pascoe has cited no authority suggesting that this term should mean anything other than statutory costs. Third, they argue that Pascoe's request for expert fees as an extraordinary award under Rule 54(d) should be denied. In addition, Plotnicki asserts in his opposition brief that he cannot be held liable under the contract between Pascoe and Astor because he is not a party to that contract and, to the extent the jury found a breach of contract by Plotnicki, it was based on an oral contract that is voidable under California Bus. & Prof. Code § 6418. Plotnicki also argues that even if Pascoe can collect on the contract, he cannot collect the costs of defending against the malpractice claim. Plotnicki points out that Pascoe has not segregated the fees and costs according to the claims. Similarly, Plotnicki argues that Pascoe should have segregated the fees that were incurred to collect from the Astor parties from the fees incurred to collect from

---

[1] On the special verdict form, the jury was asked to determine whether Astor Holdings, Inc. had breached a contract with Pascoe, whether Robot Wars had breached a contract with Pascoe and whether Plotnicki had breached a contract with Pascoe. With Pascoe's consent, the jury was not asked whether Smile/Astor Place Communications breached a contract with Pascoe. The jury concluded that Astor Holdings, Inc. and Plotnicki had breached a contract with Pascoe but that Robot Wars had not.

2

Plotnicki. Aside from the issues raised above, neither the Astor parties nor Plotnicki challenge any specific time entry as unreasonable.

## III. ANALYSIS

### A. Attorneys' Fees

In diversity cases, if "state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975). California law allows for the recovery of contractual attorneys' fees as follows:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a).

Here, Pascoe prevailed at trial on his contract claims as to Defendants Stephen Plotnicki and Astor Holdings. *See* Cal. Civ. Proc. Code § 1032 (defining "prevailing party" as the party with a "net monetary recovery"). Accordingly, Pascoe is entitled to contractual attorneys' fees as to Plotnicki and Astor Holdings. On the other hand, Pascoe did not prevail on its contract claims against Robot Wars LLC and Smile/Astor Place Communications. Therefore, attorneys' fees may not be awarded as to these Defendants.

The Court rejects Plotnicki's assertion that he cannot be personally liable for attorneys' fees because: 1) he was not named on the written contract with Astor Holdings; and 2) to the extent the jury found there was a contract between Pascoe and Plotnicki, it was an oral contract and, therefore, barred by Cal. Bus. & Prof. Code § 6148. First, California courts have recognized that where a defendant is found liable on a contract in a breach of contract action, it may also be liable for attorneys' fees under that same contract, even if the defendant is not a signatory to the contract. *See Reynolds Metals Co. v. Norman A. Alperson*, 25 Cal. 3d 124, 128 (1979) (holding that where non-signatory defendant in contract action prevailed, defendant was entitled to recover attorneys' fees under the contract because the

3

1  statute was enacted to ensure mutuality of remedy and in the opposite situation, in which the plaintiff
2  prevailed against the non-signatory defendant, the plaintiff "would clearly be entitled to attorney's fees").

3  Plotnicki's reliance on *Super 7 Motel Assocs. v. Wang*, 16 Cal. App. 4th 541 (1993) in support
4  of the assertion that a non-signatory to a contract containing an attorney's fees provision cannot be liable
5  for attorney's fees is not persuasive because that case is distinguishable. In *Super 7*, a buyer of real
6  property sued a seller and its broker for fraud, seeking rescission or fraud damages. 16 Cal. App. 4th at
7  544. The buyer prevailed as to the seller but not as to the broker. *Id*. The broker then sought attorneys'
8  fees from the buyer pursuant to the purchase contract, which contained an attorney fee provision. *Id*. The
9  court, however, concluded that the broker was not entitled to attorneys' fees because he was not a party
10 to the contract and therefore, could have only been liable in tort had the plaintiff prevailed. *Id*. at 549. On
11 this basis, the court concluded that the action, as to the *broker*, was not an action "on the contract." *Id*.
12 The court distinguished the broker from the seller on the basis that the remedy of rescission – which
13 California courts have held *is* an action on the contract – could only have been obtained as to the seller.
14 *Id*. Citing *Reynolds*, however, the court recognized that the broker would have been entitled to seek
15 attorneys' fees, even though he was not a party to the contract, if the plaintiff had brought an action "on the
16 contract" against the broker such that the plaintiff would have been entitled to fees if it had prevailed. *Id*.
17 at 550.

18 Here, Plotnicki was found liable on Pascoe's breach of contract claim and as such, is subject to
19 the attorneys' fees provision in that contract even though he was not a signatory. Moreover, sufficient
20 evidence was presented at trial from which a jury reasonably could have concluded, and indeed, did
21 conclude, that the parties intended that the written contract would govern the contractual relationship
22 between Pascoe and Plotnicki.

23 Second, any defense Plotnicki may have had to Pascoe's breach of contract claim based on
24 § 6148 has long since been waived as a result of Plotnicki's failure to raise the issue up to or during trial.
25 Plotnicki cannot now, having been found liable on the contract, avoid enforcement of the attorneys' fees
26 provision of that same contract on the basis that he has now declared the contract void. (The Court also
27 notes that virtually all of the attorneys' fees sought by Pascoe were incurred before Plotnicki purportedly
28 voided the contract.) Finally, Plotnicki has pointed to no case law suggesting that Cal. Bus. & Prof. Code

4

1  § 6148 was intended to apply to situations such as the one here, where there *is* a written contract and the
2  jury has already found that the contract encompassed Plotnicki.

3  Finally, the Court rejects the assertion by Plotnicki that Pascoe's fee request is unreasonable to the
4  extent it fails to segregate fees for the malpractice claim (which was asserted by the Astor parties but not
5  Plotnicki) from the fees incurred in prosecuting the contract claim, or to segregate efforts to collect from
6  Plotnicki from efforts to collect from the remaining Defendants. The malpractice claim and the contract
7  claims were integrally related and the time devoted to defending against the former cannot be separated
8  from the time spent prosecuting the latter. Indeed, one of Plotnicki's defenses to the contract claim was
9  alleged malpractice. Nor has Plotnicki identified a single example of time which could be attributed to one
10 but not the other. Similarly, the Court finds no evidence that the time billed for collecting attorneys' fees
11 against the Astor parties can be separated from the time billed for collecting those attorneys' fees as to
12 Plotnicki.

13 Therefore, the Court holds that both Astor Holdings, Inc. and Plotnicki are liable for the attorneys'
14 fees sought by Pascoe. Further, the Court has reviewed Pascoe's hourly rates and the time billed by
15 Pascoe up to October 7, 2005, and finds them to be reasonable.

16 **B.    Costs**

17 Pascoe seeks costs that are allowable under statute (the "statutory costs") and costs that are not
18 permitted under statute but which, Pascoe asserts, are allowable under the contract (the "non-statutory
19 costs"). The most significant non-statutory costs sought are the fees of Pascoe's expert, Michael Cooper.
20 The request for statutory costs is premature as the Clerk's Office has not yet determined taxable statutory
21 costs. Therefore, the Court denies the Motion as to the statutory costs without prejudice to Pascoe filing a
22 motion in compliance with Civil Local Rule 54-5 after the Clerk has taxed statutory costs. The issue
23 before the Court, therefore, is whether Pascoe is entitled to non-statutory costs. The Court concludes that
24 it is not.

25 In general, federal procedural law governs the taxation of costs. *See Chaparral Res., Inc. v.*
26 *Monsanto Co.*, 849 F.2d 1286, 1292 (10th Cir. 1988); *see also Bosse v. Litton Unit Handling Sys.*,
27 646 F.2d 689, 695 (1st Cir. 1981) (holding that because Congress has dealt comprehensively with the
28 subject of fees for witnesses by enacting § 1821, federal law is controlling to the exclusion of contradictory

state law, even in diversity cases). Under Rule 54(d) of the Federal Rules of Civil Procedure, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Costs that may be awarded are set forth in 28 U.S.C. § 1920, which provides as follows:

> § 1920. Taxation of costs
>
> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821. That section allows expert witnesses $40.00 per day when attending court or being deposed and certain other travel expenses.

Prior to the Supreme Court's decision in *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437 (1987), some courts held that Rule 54(d) vested discretion in courts to award fees for expert witnesses beyond those specified in § 1821 where the witness was necessary for the case. *See Wilmington v. J.I. Case Co.*, 793 F.2d 909, 924 (8th Cir, 1986) (holding that where expert was necessary to case, trial court did not abuse its discretion in awarding fees beyond those authorized in § 1821 under Rule 54(d)); *Heverly v. Lewis*, 99 F.R.D. 135, 137 (D. Nev. 1983) (holding that Rule 54(d) gives courts discretion to award expert witness fees where the expert's testimony is "material to an issue tried and reasonably necessary to its disposition"). This line of case was clearly disapproved, however, in *Crawford*, which expressly held that Rule 54(d) *does not* give court's discretion to award expert fees beyond those authorized in § 1821. 482 U.S. at 442. Rather, the Court held that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Id.* at 445. Thus, under

United States District Court
For the Northern District of California

*Crawford*, Pascoe is incorrect in asserting that the Court has discretion under Rule 54(d) to award expert fees beyond those set forth in § 1821.

Pascoe also argues, however, that it is entitled to its expert's fees, as well as the other non-statutory costs, under the contract.[2] *Crawford* leaves open the possibility that costs may be awarded under the contract even if they are not otherwise allowable. As a result, the Court must construe the provision of the contract governing costs. That provision provides that where litigation is required to collect fees under the contract, the client "will be responsible for the costs of collection, including reasonable attorneys' fees." The Court looks to California law to construe this term.

One California court has held that a provision very similar to this one allowed the court to award various costs that were not permitted under the California statute specifying allowable costs, Cal. Code Civ. Proc. § 1033.5, including expert witness fees. *Bussey v. Affleck*, 225 Cal. App. 3d 1162 (1990). In *Bussey*, the court reasoned that the parties to the contract assumed that costs that would not be allowable under statute would, nonetheless be available as a component of attorneys' fees to the extent these expenses were customarily billed to clients. *Id*. at 1167. However, *Bussey* subsequently was widely rejected by California courts. *See Carwash of America - PO LLC v. Windspwept Ventures*, 97 Cal. App. 4th 540, 544 (2002) (stating that "[e]very subsequent reported decision considering the issue has . . . rejected *Bussey*" and listing cases). These courts have held that the mere reference to "costs" in a contract does not allow parties to recover as costs expenses such as expert witness fees that would not otherwise be allowable under section 1033.5 of the California Code of Civil Procedure. *Id* Instead, a party seeking to recover such expenses under a contractual provision must plead and prove them at trial. *Id.* On the basis of the numerous cases that have rejected *Bussey*, and because Pascoe did not plead and prove its entitlement to expert witness fees at trial, the Court concludes that the contract does not allow Pascoe to recover the non-statutory costs.

---

[2] Pascoe does not assert that any of the non-statutory costs are allowable under state statute and thus the Court need not engage in the *Erie* analysis that is required to determine whether a state cost-shifting statute should be applied. *See, e.g., Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170 (10th Cir. 2000) (holding that under *Erie* doctrine, state law cost shifting provision was applicable rather than federal procedural rules).

## IV. CONCLUSION

For the reasons stated above, Pascoe's Motion is GRANTED in part and DENIED in part as follows: the Motion is GRANTED with respect to the request for attorneys' fees as to Defendants Astor Holdings, Inc. and Steven Plotnicki and fees are awarded in the amount of $204,919.00 against those Defendants. As to Defendants Robot Wars, LLC and Smile/Astor Place Communications, Pascoe did not prevail on the contract claim and therefore is not entitled to attorneys' fees from those Defendants. The Motion is DENIED without prejudice as to the request for statutory costs, which must be determined by the Clerk's Office before a motion may be brought before the Court, pursuant to Civil Local Rule 54-5. The request for non-statutory costs is DENIED on the merits.

IT IS SO ORDERED.

Dated: January 4, 2006

_____
JOSEPH C. SPERO
United States Magistrate Judge